IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TASHIA SMITH,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION NO. <br><br> **JURY TRIAL REQUESTED** |
| vs. | : <br> : | |
| VOYA FINANCIAL PARTNERS, LLC<br>*Defendant* | : <br> : <br> : | OCTOBER 26, 2020 |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to 29 U.S.C. § 2612 *et seq.*, the Family and Medical Leave Act ("FMLA.")

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, and Defendant has its principal place of business in Connecticut.

## II. PARTIES

3. At all times set forth herein, the Plaintiff, Tashia Smith, was a resident of East Hartford, Connecticut.

4. At all times set forth herein, the Defendant, Voya Financial Partners, LLC, was a Delaware limited liability company, with its corporate headquarters located in Windsor, Connecticut.

## III. FACTUAL ALLEGATIONS

5. Plaintiff commenced her employment with the Defendant in 2004 in the position of Senior Analyst.

6. This was a full-time position and Plaintiff worked at least 1,250 hours per year in each year she was employed by the Defendant preceding the events set forth hereunder.

7. Plaintiff suffers from a number of mental health conditions that require periodic doctors' appointments, including Post-Traumatic Stress Disorder ("PTSD"), anxiety, and depression.

8. Plaintiff required periodic absences from work in order to attend medical appointments for these conditions, and in the latter portion of 2019, and continuing into the early part of 2020, the Plaintiff applied for, was approved for, and utilized intermittent leave under the FMLA in connection with the same.

9. In or around late February of 2020, the northeastern United States, including the State of Connecticut, began to suffer the effects of the COVID-19 global health pandemic.

10. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

11. On March 16, 2020, the Plaintiff began to fill feel ill and experienced symptoms of high fever and difficulty breathing, two symptoms associated with COVID-19.

12. Plaintiff sought treatment with her primary care doctor due to the aforesaid symptoms.

13. Upon examining Plaintiff, her primary care doctor opined the Plaintiff was likely suffering from COVID-19, however, on account of the limited testing capacity then-available in the early stages of the COVID-19 pandemic and the resulting rationing of tests to persons with severe symptoms, Plaintiff's doctor was unable to refer Plaintiff for COVID-19 testing.

14. Due to Plaintiff's likely COVID19 diagnosis, her doctor instructed her to self-quarantine for a period of two weeks, in accordance with the then-existing guidance from the Centers for Disease Control and Prevention ("CDC"), the United States federal public health agency.

15. Plaintiff's doctor provided her with a note memorializing these instructions and the Plaintiff notifed Defendant of her diagnosis and missed work in March and April 2020 for her condition utilizing leave under the FMLA.

16. Subsequent to her return to work, in April of 2020, Plaintiff was issued a written warning.

17. In May 2020, Plaintiff was then placed on final warning for the reason that Plaintiff's attendance and because Plaintiff's numbers were down.

18. Defendant's reason for this warning was pretextual, while Plaintiff's numbers were down, it was because Defendant's work volume itself was down as a result of the COVID-19 pandemic.

19. Plaintiff had completed all of the work assigned to her. She did not have a backlog of any uncompleted work.

20. On June 5, 2020, Defendant terminated Plaintiff's employment for the supposed aforesaid performance deficiencies.

21. At the time of Plaintiff's termination, she continued to utilize intermittent FMLA to attend medical appointments.

**FIRST COUNT:**     **Retaliation in violation of the FMLA 29 U.S.C. § 2612** *et seq*.

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this First Count, as if fully set forth herein.

22. At all times relevant hereto, the Defendant employed more than 50 employees within a 75 mile radius of the Plaintiff's place of employment.

23. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, the Plaintiff gave notice for her need for leave under the FMLA, for which she was eligible, and the Plaintiff took leave under the FMLA, as set forth above.

24. The Plaintiff was retaliated against and subject to adverse employment action for exercising her rights under the FMLA.

25. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1. Money Damages for lost wages and employment benefits;

2. Reinstatement or Front Pay in lieu thereof;

3. Reasonable attorneys' fees;

4. Interest;

5. Liquidated Damages;

6. Costs of this Action; and

7. All other awardable relief.

THE PLAINTIFF,
TASHIA SMITH

BY: _____
Michael J. Reilly (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  mreilly@cicchielloesq.com